HILL v. GRANT *et al.*, appellants.

*Action — costs of former action unpaid — stay of proceedings.*

H. brought action against G. and others, to have set aside as fraudulent the conveyance of certain real estate to G. The complaint was dismissed as to G., with costs against H. Afterward G. sold the real estate to D., and H. assigned his claim to plaintiff, who brought action upon the same subject-matter as the former suit against D., G. and others. *Held,* that the defend-ants D. and G. were entitled to have the proceedings in this action stayed as to both, until the costs of the former action were paid.

APPEAL from the order of the special term held in Erie county, July 25, 1873, staying proceedings on the part of plaintiff, as against part of the defendants, and not as against the others.

The action is in the nature of a creditor's suit, brought by plaintiff, as assignee of a judgment recovered by one Hovey against the defendant Milo W. Hill, in 1856.

During the year 1865, said Hovey brought action against said Milo D. Hill, Lydia C. Grant, Lester Day and others, claiming that Lydia C. Grant held certain leasehold estate in the city of Buffalo in fraud of the creditors of said Hill. That action was defended and the complaint was dismissed as to the defendants therein, Lydia C. Grant and Lester Day, and a judgment was entered in 1868 against Hovey, for costs in their favor. These costs have never been paid, but the judgment therefor remains in force.

About May 1, 1873, the estate in question was conveyed to Mary E. Day by said Lydia C. Grant.

This action was commenced in June, 1873, and Milo Hill, Lydia C. Grant, Mary E. Day and Elbridge G. Spaulding (from whom said Grant took title) made defendants. The defendants, Grant and Day, moved the court at special term for a stay of proceedings in this action, as against them, until the costs of the former action should be paid with interest. The court made an order staying proceedings as against the defendant Grant, but not as against defendant Day. From this order both said defendants appealed, upon the ground that proceedings should have been stayed as to both.

*L. P. & E. B. Perkins,* for appellants, cited *Edwards* v. *Ninth Av. R. R. Co.,* 22 How. 444; Dunlap's Pr. 337; Adams on Eject. 320;

*Jackson* v. *Edwards*, 1 Cow. 138; *Perkins* v. *Hinman*, 19 Johns. 237; *Jackson* v. *Carpenter*, 3 Cow. 22; *Jackson* v. *Miller*, id. 57; *Ex parte Stone*, id. 380; *Muir* v. *Desmaree*, 9 Wend. 449; *Kentish* v. *Tatham*, 6 Hill, 372; *Post* v. *Haight*, 2 How. 32; *Dresser* v. *Brooks*, 5 id. 75; *Richardson* v. *White*, 27 id. 155; *Kerr* v. *Davis*, 7 Paige 53; *Roberts* v. *Carter*, 24 How. 44; *Bush* v. *Lathrop*, 22 N. Y. 535; Code, § 349, subd. 3.

*Perry G. Parker*, for respondent, cited Code, § 306; *Taylor* v. *Root*, 48 N. Y. 687; *Tallman* v. *Cook*, 1 Sweeney, 550; *Schmidt* v. *Levy*, 61 Barb. 496; *McMahon* v. *Mut. Benef. Ins. Co.*, 12 Abb. 1228; *Jackson* v. *Edwards*, 1 Cow. 138; *Simpson* v. *Brewster*, 9 Paige, 245; *Kerr* v. *Davis*, 7 id. 53; 2 Till. & Shear. Pr. 351; 2 R. S. 309, § 37.

E. DARWIN SMITH, J. It is the settled rule and practice in this State, asserted in numerous cases, that where one action is discontinued or dismissed with costs, and a second action is brought for the same cause of action by the same plaintiff, or by any assignee of the cause of action, that the proceedings in such second action will be stayed till the costs of the first action are paid. And it matters not that the first action was dismissed for a defect of parties or other causes, and the bringing in of other parties as defendants in the second suit does not change the rule.

This was settled in the case of *Kentish* v. *Tatham*, 6 Hill, 372. In that case the first action was against two defendants. The plaintiff was nonsuited and judgment obtained against him for costs for a non-joinder of parties. He then commenced the second action against one of the defendants in the first action and two other parties, as defendants. On motion to stay proceedings till the costs of the former action were paid, the same was granted. Judge BRONSON, on the decision of it, saying: "Benjamin Tatham is sued a second time upon the same demand or cause of action, and we think the proceedings should be stayed until the costs of first suit are paid. The fact that some of the defendants are new parties does not take the case out of the operation of the general rule."

That case was the same in principle with this, and the same rule should be applied in this action. Lydia Grant was a defendant in the former action as well as in this, and I think there is the more justice in this rule in this case, in the fact that the plaintiff in the first action is a non-resident, and the defendant Lydia Grant has no

Hill v. Grant.

remedy in this State, at least, for the collection of her costs.

The order of the special term staying proceedings in the suit, so far as relates to the said defendant Lydia Grant, and allowing the action to proceed as to the other defendants, does but imperfect justice. If she is a necessary and proper party in the action, Mrs. Grant ought not to be thus placed in the false position that she must either waive her rights to costs in the former suit, or acquiesce in the prosecution of this suit, and in a decision, perhaps, upon her rights, without the opportunity to be heard in respect to the questions.

It is not just to let a suit proceed as against some of the parties while it is stayed as to the others. A party to an action has the right to appear and participate in all the proceedings in the cause, if he is not bound to do so to protect his own interest. He may not lie by, and in many cases he cannot safely, and suffer a suit to proceed against other parties when his own interest is involved and may be affected by the result of the litigation. The case of *Garnsey* v. *Knight*, 1 N. Y. Sup. 259, illustrates the peril involved by such a course.

The order of the special term should be reversed, so far as it allows the action to proceed as against the said Mary Day, and the original motion to stay the proceedings till the costs of the former be paid be granted, with $10 costs of such motion, and $10 costs of this appeal to this court.

*So ordered.*